## KREKEL v. THOMASMA.

1. GUARANTY—CONTINUING GUARANTY—NOTICE OF DISCONTINUANCE.
   Contract providing that guaranty should continue until written notice of discontinuance was received was continuing one, and therefore continued until such notice was given.

2. SAME—RENEWAL AND EXTENSION—RELEASE.
   Where guaranty was continuing one, contemplating giving of renewals and extensions of guaranteed notes, fact that one guarantor gave personal note to secure extension was no departure from terms of guaranty, and therefore did not operate to release coguarantor.

3. SAME—GUARANTORS NOT LIABLE IF PRINCIPAL OBLIGATION INVALID.
   Guarantors may not be held if principal obligation is invalid.

4. SAME—DEFENSE NOT OPEN TO PRINCIPAL NOT OPEN TO GUARANTORS.
   Since defense that contract is invalid because corporation executing it violated law in failing to make annual reports to secretary of State is not available to corporation, it is not available to guarantors.

5. SAME.
   Liability of guarantors depends on liability of principal.

6. SAME—ABSOLUTE AND CONDITIONAL GUARANTY—EXHAUSTING REMEDY AGAINST PRINCIPAL.
   Where contract of guaranty contained absolute undertaking to pay obligation at maturity if principal did not, and also conditional guaranty of collection, on default of principal, creditor could call on guarantors for payment without first attempting to collect from principal.

Appeal from Kent; Dunham (Major L.), J. Submitted April 10, 1931. (Docket No. 65, Calendar No. 35,575.) Decided October 5, 1931.

On incapacity of principal to contract as affecting liability of guarantor, see annotation in 24 A. L. R. 838; 43 A. L. R. 589.

Assumpsit by Fred C. Krekel, administrator of the estate of Henry G. Krekel, deceased, against Harry Thomasma and others for contribution as coguarantors of credit. Judgment for plaintiff. Defendant Rowlette appeals. Affirmed.

*Knappen, Uhl, Bryant & Snow,* for plaintiff.

*Clapperton & Owen,* for defendant Rowlette.

McDONALD, J. This action was brought by the administrator of the estate of Henry Krekel, deceased, for contribution by his coguarantors on a guarantee contract.

On June 25, 1918, the Quality Furniture Company, a Michigan corporation with its principal office in the city of Grand Rapids, Michigan, was indebted to the Kent State Bank of Grand Rapids in the sum of $3,000. A guarantee agreement was executed in favor of the bank by the defendants and plaintiff's decedent, Henry G. Krekel, which reads in part as follows:

"The Kent State Bank of Grand Rapids, Michigan, is hereby requested to give and continue to Quality Furniture Company credit as it may desire from time to time to the sum of $3,000, and in consideration thereof we jointly and severally guarantee payment of any indebtedness now or hereafter owing to said bank by said Quality Furniture Company up to said sum and interest on the same, and agree to indemnify said bank against any loss on account of loans to or paper discounted for said Quality Furniture Company, provided, however, said bank shall in no event collect from the undersigned a greater sum than $3,000 and interest. Notice of the acceptance of this guarantee and of any indebtedness at any time covered by the same is hereby waived. This guaranty shall continue until

written notice from us of the discontinuance thereof shall be received by said bank, but such notice shall not affect my liability on any indebtedness then existing.''

Following the guaranty on June 30, 1918, a new note maturing in 90 days for $3,000 was executed by the Quality Furniture Company to the Kent State Bank. Thereafter renewal notes for $3,000 were given every 90 days until December 18, 1927. On that date Henry G. Krekel gave the bank his personal note for $3,000 with the last Quality Furniture Company note as collateral thereto. This note was taken by the bank as additional security for the unpaid Quality Furniture Company note and was renewed every 90 days thereafter until May 20, 1929. Henry G. Krekel died April 17, 1929. In May of that year his widow, Hermine Krekel, borrowed $3,000 from the Kent State Bank. The loan was made to her on condition that she give the bank her personal note for an additional $3,000 as security for the notes it held of the Quality Furniture Company and Henry G. Krekel. Consequently, she gave her note for $6,000. On October 21, 1929, the Old Kent Bank as successor to the Kent State Bank filed in the estate of Henry G. Krekel, deceased, a claim of $3,000 on the note given by him as additional security for the last note of the Quality Furniture Company. This note was allowed and paid by the administrator. Notice of the filing of the claim was given to each of these defendants. They refused to contribute and this suit was brought. It was tried by the court without a jury. Findings of fact and conclusions of law were filed on which judgment was entered for the plaintiff. The defendant Rowlette has appealed.

He contends that the judgment should be reversed for the following reasons:

"1. The contract of guaranty, being limited to a reasonable time, had expired and the guarantors discharged before this suit for contribution was brought."

There is no basis for the assumption that the duration of the guaranty in question was limited to a reasonable time. It is true that when no time is stated a reasonable time is implied; but, in this contract, express provision is made for the time of its termination as follows:

"This guaranty shall continue until written notice from us of the discontinuance thereof shall be received by said bank, but such notice shall not affect my liability on any indebtedness then existing."

The guaranty was a continuing one. The guarantors were liable until they gave notice of discontinuance. They never gave such notice, and therefore their liability continued.

"2. The giving of Henry G. Krekel's personal note to Kent State Bank in September, 1927, with Quality Furniture Company note as collateral thereto, was a change in relation between the guaranty and debtor company discharging the guarantors."

As we understand the defendant's contention, it is that, as he is a gratuitous guarantor, any material departure from the strict letter of the guaranty operates to release him from liability. It seems to be conceded that the only effect of the transaction between Mr. Krekel and the bank was to extend the time for the payment of the Quality Furniture Company note. In this there was no departure from the terms of the guaranty. The guaranty was a continuing one. It contemplated the giving of re-

newals and extensions. The fact that the extension was secured by Mr. Krekel did not alter the relations of the parties in the least. He was a joint obligor with the defendant. The giving of his personal note did not add to his liability or to that of the defendant. There was no change in their obligations under the guaranty. The defendant was not discharged.

"3. The principal obligation was at all times illegal and guarantors were therefore discharged."

The Quality Furniture Company was a Michigan corporation. After the year 1915 it made no annual reports. Under the statute (2 Comp. Laws 1915, § 9028, see 2 Comp. Laws 1929, § 10128) its corporate powers became suspended and it could make no legal contracts. Hence the defendant claims that the notes and renewals thereof were invalid and cannot be enforced against him. Of course it is fundamental that a guarantor cannot be held if the principal obligation is invalid. But in regard to contracts made by a corporation during the time when it is in default for failure to file its reports, they are unlawful and unenforceable only at the instance of the offending corporation. They are not so in an action by the opposite party. A corporation cannot make the defense that its contract is invalid because it violated the law in failing to make annual reports to the secretary of State. In this case, such a defense is not available to the guarantors. It would not be to the corporation if it were a party to the action. Its guarantors are in no better position. Their liability depends on the liability of their principal. The defendant's contention that he is not liable because the principal obligation was invalid is without merit.

"The contract of guaranty was a conditional and not an absolute guaranty and the condition was never fulfilled."

The defendant interprets the contract to be a guaranty of collection only, making it necessary for the creditor to exhaust its remedy against the principal before looking to the guarantors. His interpretation is wrong.

The language of the guaranty is as follows:

"We jointly and severally guarantee payment of any indebtedness now or hereafter owing to said bank by said Quality Furniture Company up to said sum and interest on the same, and agree to indemnify said bank against any loss on account of loans to or paper discounted for said Quality Furniture Company."

The first part of the quoted language imports an absolute undertaking to pay the obligation at maturity if the principal does not. The second part is a guaranty of collection which, if it stood alone, requires that the creditor exhaust its remedy against the principal before proceeding against the guarantors. It is probable that the parties contemplated an absolute guaranty of payment, but, giving effect to all the language of the contract, it shows both an absolute guaranty and a conditional guaranty. They are somewhat inconsistent and are not usually found together in the same instrument; but there would seem to be no reason why the creditor could not make use of either or both of them. The only case we have seen where this situation has arisen is *Tuton* v. *Thayer*, 17 How. Prac. (N. Y.) 180, cited in the plaintiff's brief. In that case it was said:

"But upon a guaranty both of payment and collection, the holder has his election to proceed in the

first instance either against the maker or against the guarantor, and if he does proceed against the former, and fails to collect, he has remedy against the latter, as well for the costs of the former action as for the debt.''

In the instant case, it is conceded that no attempt was made to collect against the Quality Furniture Company. It was not necessary. On default of the principal, it was the creditor's privilege to call upon the guarantors for payment.

We do not deem it necessary to discuss any other questions. They have been considered and found to be without merit. The judgment of the circuit court is affirmed, with costs to the plaintiff.

BUTZEL, C. J., and WIEST, CLARK, POTTER, SHARPE, NORTH, and FEAD, JJ., concurred.