*In re* LANDWEHR'S ESTATE.

CLAIM OF TRUSTEES OF SEGREGATED ASSETS OF FIRST
STATE BANK OF HOLLAND.

1. GUARANTY—CONTRACTS—CONSTRUCTION—INTENT.
   In construing a contract of guaranty, the intention of the parties
   should govern.

2. SAME—CONSTRUCTION FOR COURT IF NOT AMBIGUOUS.
   The construction of a contract of guaranty is a question of law
   for the court where the instrument, taken in its entirety, is not
   ambiguous.

3. SAME—CONSTRUCTION—INTENT.
   Contracts of guaranty are to be construed like other contracts and
   the intent of the parties, as collected from the whole instrument
   and the subject-matter to which it applies, is to govern.

4. EVIDENCE—AMBIGUITY.
   Rule that evidence is competent to show the relations of parties
   and attending circumstances as an aid in interpreting, or con-
   struing, a written instrument which is uncertain or ambiguous
   cannot be extended to contradicting its plain provisions.

5. GUARANTY—ADDITIONAL CREDIT—COVERAGE.
   Contract of guaranty to bank of additional credit for $15,000,
   given after extension of previous line of credit for $25,000 *held*,
   to cover only a $15,000 debt incurred after extension of the
   guaranty, as against contention the previous indebtedness of
   the same debtor was also covered.

6. SAME—CONTINUING GUARANTY—RENEWALS—LIMITATIONS.
   Contract of guaranty running to bank for additional credit to
   corporation which was to ''continue as to each of the under-
   signed (guarantors) until the bank shall receive written notice
   from him of the discontinuance thereof as to him'' *held*, to
   constitute a continuing guaranty contemplating the giving of
   renewals and extensions; a guaranty in which the amount is
   limited but the time is not.

7. SAME—RELEASE OF PAID GUARANTOR—CHANGE OF CONTRACT.

When there has been a change in the contract, a paid guarantor is not discharged unless injured by the change which must be a material one.

8. PRINCIPAL AND SURETY—PAID SURETY—GRATUITOUS SURETY.

Rule that a private gratuitous surety on an obligation is entitled to a strict construction of the contract is not applicable either to a bond furnished by a surety company for hire or personal sureties who have received a consideration for their engagement.

9. GUARANTY—DIRECTOR'S GUARANTY OF CREDIT TO CORPORATION.

Person who became a guarantor to bank of credit to corporation of which he was a director is considered as though he were a paid surety.

10. SAME—REORGANIZATION OF CORPORATE DEBTOR—RELEASE OF DIRECTOR AS GUARANTOR—SUBSTITUTION OF OBLIGATIONS.

Continuing guaranty of additional credit for corporate debtor of bank, which had been used·to secure notes thereafter issued and renewed, *held*, not discharged as to director of debtor who signed it, upon reorganization of debtor and grant of yet additional credit where new arrangement between bank and debtor involved the substitution of one new mortgage and additional security covering antecedent indebtedness, that for which guaranty sought to be enforced was given, and the further extension of credit.

Appeal from Ottawa; Miles (Fred T.), J. Submitted October 13, 1938. (Docket No. 94, Calendar No. 40,158.) Decided December 21, 1938. Rehearing denied February 1, 1939.

In the matter of the estate of August H. Landwehr, mental incompetent. On claim of trustees of segregated assets of First State Bank of Holland. Claim disallowed. Plaintiffs appealed to circuit court. Suggestion of death of August H. Landwehr and executrix of his estate substituted as defendant. Judgment for defendant. Plaintiffs appeal. Reversed and remanded for entry of judgment for plaintiffs. Rehearing denied without prejudice to rights, if any, to subrogation.

*Gillard & Gillard,* for plaintiffs.

*Alexander, McCaslin & Cholette,* for defendant.

Sharpe, J.   Plaintiffs, trustees of the segregated assets of the First State Bank of Holland, filed a claim in probate court against August H. Landwehr, mental incompetent, based upon a written guaranty for the sum of $15,000.   After a hearing in that court, the probate judge entered an order disallowing the claim.   There was an appeal to the circuit court and the parties stipulated that the case should be heard by the circuit court on the record made in the probate court.   The circuit court filed an opinion and entered judgment of no cause of action.   Claimants appeal.   During the proceedings, August H. Landwehr died and the action was continued against the executrix of his estate.

The issues involved in this case grew out of the following facts.   The DePree Company was a manufacturing concern in the city of Holland, Michigan, and did most of its banking business with the First State Bank of Holland.   On January 22, 1921, the board of directors of the bank gave a line of credit to the DePree Company in the amount of $25,000 and about that time the DePree Company executed and delivered a note to the bank for that amount.   This line of credit was continued from year to year and at the expiration of each six months the note was renewed until some time after January 11, 1928.

On July 15, 1924, the following instrument was executed by August H. Landwehr and others:

"The First State Bank of Holland, Michigan, is hereby requested to give and continue to the DePree Company additional credit as it may desire from time to time, and in consideration of any and all such

additional credit the undersigned jointly and severally guarantee the payment of any such indebtedness hereafter owing to said bank by said DePree Company and agree to indemnify said bank against any loss thereon, but said bank shall in no event collect from the undersigned a greater sum than $15,000; and do hereby waive notice of the acceptance of this guaranty and of any and all indebtedness at any time covered by the same. This guaranty shall continue as to each of the undersigned until the bank shall receive written notice from him of the discontinuance thereof as to him, and the death of one or more of the signers, or notice of discontinuance thereof from one or more shall not operate as a discontinuance as to the others. Dated, July 15, 1924.

> GERRIT J. DIEKEMA,
> CON DEPREE
> DANIEL TEN CATE,
> A. H. LANDWEHR,
> JACOB DEPREE.''

Following the execution of the above bond, two six-months notes of $7,500 each were executed by the DePree Company which were renewed each six months until January 11, 1928, at which time the bank records show that both of these notes were surrendered to the DePree Company under the following circumstances. For a number of years the DePree Company's property was covered by a $2,500 mortgage, then held by the First State Bank of Holland. On January 11, 1928, the DePree Company executed a mortgage covering all its property, in the amount of $150,000 to the First State Bank of Holland, as trustee, to secure various notes then given, among them being a note for $30,000 to the First State Bank of Holland which amount was placed to the credit of the DePree Company. The DePree Company thereupon drew its various checks to cover and pay the $2,500

mortgage above referred to, with interest; both of the notes for $7,500 each, which were renewals of the notes given in July, and August, 1924; and the balance was to the credit of the DePree Company. The two notes in question were marked "paid" and surrendered to the DePree Company, and the $2,500 mortgage was discharged.

When the cause came on for trial, the circuit judge found as a fact that the bond applied only to the $15,000 loan of 1924; and that this loan had been subsequently paid. Appellants contend that the guaranty is not limited to past, present, or future indebtedness of the DePree Company, but covers all of the indebtedness of the DePree Company to the First State Bank of Holland thereafter owing which includes the $25,000 line of credit granted in January of each year thereafter; and that the renewal or absorption of the two $7,500 notes by $15,000 of notes of the same debtor, the DePree Company, secured by a mortgage on the company's property, did not pay the debt of $15,000 or destroy the obligation contained in the guaranty.

The rule as to the construction to be placed on a guaranty is well stated in *First National Bank of Ypsilanti* v. *Redford Chevrolet Co.*, 270 Mich. 116, where we said:

"In *Griffin Manfg. Co.* v. *Mitshkun,* 233 Mich. 640, 642, this court said:

" 'In construing a contract of guaranty, the intention of the parties should govern. Where the language of the writing is not ambiguous the construction is a question of law for the court, on consideration of the entire instrument.'

"And in *Morris & Co.* v. *Lucker,* 158 Mich. 518, we said:

" 'Contracts of guaranty are to be construed like other contracts, and the intent of the parties, as collected from the whole instrument and the subject-matter to which it applies, is to govern.' "

See, also, *Home Savings Bank* v. *Hosie,* 119 Mich. 116; *Mathews* v. *Phelps,* 61 Mich. 327 (1 Am. St. Rep. 581).

Another rule in the construction of such instruments may be found in *Re Kelley's Estate,* 173 Mich. 492, 499 (Ann. Cas. 1914D, 848), where we said:

"It is undoubtedly the law that evidence is competent to show the relations of parties and attending circumstances as an aid in interpreting, or construing, a written instrument which is uncertain and ambiguous. * * * But this cannot be extended to contradicting its plain provisions."

Under the rules of construction above noted, it was the intent of the parties that the guaranty should apply only to credit to the extent of $15,000 over and above any credit already given. At the time the guaranty was given there was an existing line of credit to the DePree Company to the extent of $25,000. This guaranty speaks of "additional credit" and by its terms guarantees the payment of any such (additional credit) indebtedness hereafter owing to the bank. It covers only a $15,000 debt incurred after the execution of the guaranty.

This guaranty was a continuing guaranty contemplating the giving of renewals and extensions. In *Krekel* v. *Thomasma,* 255 Mich. 283 (81 A. L. R. 786), this court had before it a guaranty substantially the same as the one in the case at bar. It reads as follows:

"The Kent State Bank of Grand Rapids, Michigan, is hereby requested to give and continue to Quality Furniture Company credit as it may desire from time to time to the sum of $3,000, and in consideration thereof we jointly and severally guarantee payment of any indebtedness now or hereafter owing to said bank by said Quality Furniture Company up to said

sum and interest on the same, and agree to indemnify said bank against any loss on account of loans to or paper discounted for said Quality Furniture Company, provided, however, said bank shall in no event collect from the undersigned a greater sum than $3,000 and interest. Notice of the acceptance of this guarantee and of any indebtedness at any time covered by the same is hereby waived. This guaranty shall continue until written notice from us of the discontinuance thereof shall be received by said bank, but such notice shall not affect my liability on any indebtedness then existing.''

The court said:

''In this contract, express provision is made for the time of its termination as follows:

'' 'This guaranty shall continue until written notice from us of the discontinuance thereof shall be received by said bank, but such notice shall not affect my liability on any indebtedness then existing.'

''The guaranty was a continuing one. The guarantors were liable until they gave notice of discontinuance. They never gave such notice, and therefore their liability continued. * * * The guaranty was a continuing one. It contemplated the giving of renewals and extensions.''

And in *Mathews* v. *Phelps, supra,* the court said:

''The general rule arising from the implication of the language used is that when the amount of the liability is limited, and the time is not, the contract should be construed as a continuing guaranty: *Gard* v. *Stevens,* 12 Mich. 292, 295 (86 Am. Dec. 52).''

The question naturally arises as to the status of the guaranty after January 11, 1928, when the De-Pree Company executed a mortgage upon all of its property to the bank and the bank executed to the DePree Company credit to the extent of $30,000. At this time, the guaranty had not been revoked by the parties and was in existence when the two $7,500

notes were marked "paid" and surrendered. It is the claim of defendants that when the above mortgage was given the guarantors were discharged by reason of the fact that the bank took new and additional security.

The general rule is that when there has been a change in the contract, courts have classified guarantors and sureties into two classes, gratuitous and compensated. In the case of paid sureties, the rule is that they are not discharged unless they are injured by the change in the contract. See *Grinnell Realty Co.* v. *General Casualty & Surety Co.,* 253 Mich. 16. The departure from the contract must be material, *Gunsul* v. *American Surety Co. of New York,* 308 Ill. 312 (139 N. E. 620), cited with approval in *Grinnell Realty Co.* v. *General Casualty & Surety Co., supra.* The rule applicable to private gratuitous bondsmen does not prevail where the bond is furnished by a surety company for hire. *Cox* v. *Fidelity & Deposit Co. of Maryland,* 157 Mich. 59. In *Rose* v. *Ramm,* 254 Mich. 259, we held that the rule as to paid sureties applies to personal sureties who have received consideration for their engagement. In the case at bar, Landwehr was not a gratuitous guarantor in the sense that he or his estate was entitled to a strict construction of the contract. He was a director of the DePree Company and must be placed in the class of paid sureties.

The taking of additional or substituted security does not change the position of Landwehr. In 28 C. J. p. 1006, § 168, the rule is stated to be:

"The taking of additional or substituted security such as a bond, bill, or note, by the person in whose favor the guaranty operates does not release the guarantor, for it in no way changes his contract and is not to his injury, especially where such security is given expressly for the guarantor's benefit; unless

in connection with the giving of such security there is, without the guarantor's consent, an extension of time for payment or performance, or unless it is accepted in payment and discharge of the original obligation. A guarantor who signs a guaranty expressly authorizing an extension of time for payment or performance is not released by the taking of additional security as a consideration for such extension.''

Nor does the acceptance of securities by the bank in the reorganization of the DePree Company change the rule. In *Union Trust Co. of Rochester* v. *Willsea*, 275 N. Y. 164 (9 N. E. [2d] 820, 112 A. L. R. 1175), it was held that the guarantor of a corporation's indebtedness was not discharged from liability by the creditor's participation in the corporation's reorganization under section 77B of the Bankruptcy Act (11 USCA, § 207b) and his acceptance of his share of new stock issued pursuant to the plan of reorganization providing for payment in full of the corporate debts by such new stock. The proceedings in the instant case in so far as the reorganization of the DePree Company was concerned were between the bank and the DePree Company. Such proceedings did not affect the guaranty agreement.

It is our conclusion that the transaction of January 11, 1928, did not discharge the obligation and claimants are entitled to a judgment in the sum of $12,500 together with interest at the rate of five per cent. per annum from April 21, 1935.

The judgment is reversed and the trial court is directed to enter judgment in the circuit court of Ottawa county for the amount mentioned. Claimants may recover costs.

Wiest, C. J., and Bushnell, Potter, Chandler, North, and McAllister, JJ., concurred. Butzel, J., did not sit.