## BLACK BULL ENTERPRISES, INC.,
*Appellant,*

*v.*

## Mildred V. HALL,
*Respondent.*

(A8906-03174; CA A64150)

813 P2d 571

Douglas G. Combs, Portland, argued the cause for appellant. With him on the briefs was Case & Dusterhoff, Portland.

John E. Uffelman, Beaverton, argued the cause for respondent. With him on the brief was John E. Uffelman, P.C.

Before Buttler, Presiding Judge, and Rossman and De Muniz, Judges.

DE MUNIZ, J.

## DE MUNIZ, J.

Plaintiff appeals a judgment for defendant in this action to recover on a promissory note on which defendant was a guarantor. We affirm.

In 1983, plaintiff agreed to sell its shares in Grand Development Company back to Grand Development Company. The sale enabled Schwartz to gain control of the company. Schwartz was president of Grand Development and is the husband of defendant's daughter. The terms of the sale required Grand Development, through Schwartz as president, to execute a promissory note personally guaranteed by him, his wife and defendant. The note was not paid and, in 1987, Schwartz and his wife declared bankruptcy. Plaintiff then brought this action.

■　Defendant pled affirmative defenses, one of which was a release by modification of the terms of the underlying agreement. A surety is discharged if, without consent, any modification of the contractual relationship between the principal and the creditor materially increases risk. *Lloyd Corporation v. O'Connor,* 258 Or 33, 479 P2d 744 (1971); *Jackson County Federal Savings v. Urban Planning,* 95 Or App 598, 771 P2d 629, *rev den* 308 Or 108 (1989). A material change is one that a careful and prudent person would regard as substantially increasing the chance of loss. *Fassett v. Deschutes Enterprises,* 69 Or App 426, 686 P2d 1034, *rev den* 298 Or 150 (1984).

In its oral findings, the trial court held that a May, 1985, letter[1] constituted a novation between plaintiff and the purchaser of the stock and that defendant did not consent to the new agreement. Therefore, defendant was discharged from her obligation. Plaintiff's assignment of error is that the evidence does not support the trial court's finding or its legal conclusion. Plaintiff contends that the letter changed no terms, granted no extension of time as to the ultimate due date of the note and was not executed by all of the guarantors. It argues that all the evidence showed was that plaintiff and Grand Development attempted to negotiate an extension to the terms of the agreement but that no agreement was

---

[1] The trial court's oral findings refer to the letter as written in June, but the exhibit shows the date as May 29.

reached. It contends that, throughout the negotiations, it insisted that the guarantors agree and that the letter constituted a "forbearance agreement," which did not prejudice defendant and did not excuse her from performance.

Defendant argues that she was a gratuitous guarantor and, as such, is entitled to have the terms of her undertaking strictly performed. *Marshall-Wells Co. v. Tenney, et al,* 118 Or 373, 244 P 84 (1926). She argues that the evidence supports the finding that the underlying agreement was modified and that her risk was increased thereby.

The case was tried to the court, and we are bound by its findings, if there is any evidence to support them. *Wagner v. Savage, as Adm'r,* 195 Or 128, 244 P2d 161 (1952). The letter supports the trial court's findings and conclusion. It was sent by plaintiff and acknowledged by Schwartz but was not approved by the guarantors. In the letter, plaintiff agreed not to pursue legal action if Grand Development made an immediate $6,000 payment and thereafter made certain adjusted monthly payments. The $6,000 payment was made. The note was also secured by a mortgage on the Schwartz's personal residence. However, when the payment terms of the note were restructured, the Schwartz's were also permitted to sell their personal residence and make other investments with part of the proceeds. The evidence, therefore, supports a finding that the underlying agreement was modified.

The trial court also did not err in concluding that defendant was discharged. Modification of the note in May, 1985, increased the risk that defendant might become solely responsible for payment of the note. Whether she was a gratuitous guarantor or not, the modification was a material increase of risk which discharged her obligation. *See Lloyd Corporation v. O'Connor, supra,* 258 Or at 38.

Affirmed.