Argued October 29, affirmed December 3, 1958

HONEYWELL Administratrix *v.* TURNER et al

332 P. 2d 638

*Charles E. Boardman,* Bend, argued the cause for appellants. With him on the brief was Charles R. Marsch, Bend.

*James F. Bodie,* Prineville, argued the cause for respondent. With him on the brief was James B. Minturn, Prineville.

Before PERRY, Chief Justice, and WARNER, McALLISTER, SLOAN and O'CONNELL, Justices.

SLOAN, J.

This is an action for the alleged wrongful death of plaintiff's intestate. Her death resulted from an automobile accident which occurred when the intestate was riding in a car operated by the defendant Elsie Turner. For clarity and convenience we shall refer to the intestate by her name, Linda Hirst. The events which culminated in the accident present the basis for allegations of an unusual relationship between the parties involved. Trial was had to the court without a jury. From a finding and resulting judgment for plaintiff, defendant appeals.

The deceased, Linda, was the twelve-year-old daughter of plaintiff. On and immediately prior to November 11, 1955, plaintiff, her daughter Linda, and other children of plaintiff were making their home in Prineville. At the time Mr. Honeywell was employed in Portland. During the days preceding November 11,

Mrs. Honeywell was making plans to visit her husband in Portland during the weekend beginning on that date. As a part of her plans she advertised by radio for a person to care for her children during her absence. In response to the ad the defendant Mrs. Turner, a neighbor, contacted Mrs. Honeywell and the two agreed that Mrs. Turner would stay in the Honeywell home and care for the children in return for which Mrs. Honeywell was to pay Mrs. Turner $15. Mrs. Honeywell desired to leave Prineville on a bus that departed from there at 3 a.m. on Friday, November 11, 1955. By reason of a prior commitment Mrs. Turner was unable to assume her duties until 11 a.m. of that day. Consequently, it was agreed that Mrs. Turner's sixteen-year-old daughter, the defendant Elsie, would come to the Honeywell home on the preceding evening and remain until her mother's arrival at 11 a.m. that day. Mrs. Honeywell left written instructions for the care and feeding of her children. The instructions included a notation that Linda could go to the store for needed groceries.

All went according to plan until the afternoon of that day. When Mrs. Turner assumed the care of the children, Elsie returned to her own home. During the afternoon Mrs. Turner communicated with her daughter Elsie and directed her to drive the family car to the store for groceries for the Turner household and to permit Linda to ride to the store with Elsie for groceries for the Honeywell family. The two girls prevailed upon Mrs. Turner to allow them, after completing the errand, to take a "joy" ride to the nearby countryside to visit girl friends of both.

At this point it is necessary to mention that Elsie had passed through the usual process of acquiring a driver's license. She acquired the license in June, 1955.

Her experience in driving was primarily limited to the coaching required to attain the skill requisite to obtaining a license. Prior to this occasion she had not been permitted to use the car for so-called pleasure or "joy" rides. Her driving had been limited to running errands for her mother. The automobile in question was a 1941 model Plymouth sedan. It was admitted that the car was kept and used for the pleasure and utility of the Turner family.

The girls completed the errand and then drove a short distance beyond the city limits to visit another girl. The latter entered the car and thereafter the girls determined to "drive the dips" on the Barnes Butte road. The latter is a secondary, graveled road near Prineville. For a distance of about a mile along its length the road contains a number of "dips" or swales. Youthful drivers seemingly enjoy the excitement to be gained from driving at a high rate of speed over such a road. Unfortunately, these girls set upon this tragic course. There was evidence that Elsie suggested and gave impetus to the proposal. In addition to the dips and gravel previously mentioned, it appears uncontradicted that the road is rutted, rough and has the surface of a washboard. Near the end of the mile of "dips" and apparently while descending from the crest of the last "dip" the defendant Elsie lost control of the car. The car left the road, hit an irrigation ditch and rolled completely over, at least once, perhaps more. The evidence is indefinite. Linda was thrown from the car and received injuries from which she subsequently died. Elsie had never before driven over the road in question. She had experienced the questionable thrill of such a ride on previous occasions when on a "double date."

Plaintiff alleged both gross and ordinary negli-

gence. The answer alleges that at the time of the accident Elsie was furnishing "care and amusement" for the Honeywell children as the agent of Mrs. Honeywell; that by reason of this alleged agency Linda was a "guest" of her mother, the plaintiff, when the accident occurred and no liability to plaintiff was created. Further, that the defendants Olyan S. and Lena Turner provided and authorized the use of the car for the "convenience and pleasure of the children of Mrs. Honeywell as her agent."

■ The trial court found that Linda was not a "guest" at the time of the accident by reason of the financial arrangement heretofore described; that Elsie Turner was guilty of gross negligence and that the car was being used for the family purpose for which it was owned. Accordingly, judgment was entered against all the defendants. We do not concur that there was any payment for the ride in question which deprived defendants of the benefit of the guest statute. We are of the opinion that the finding of gross negligence must be sustained. We have mentioned that the use of the car for a family purpose was admitted. We are not, therefore, required to determine if the evidence sustains that finding.

■ Defendants seek to avoid the results of any negligence and the admitted use of the car for a family purpose by the allegation, previously mentioned, that Elsie was acting as the agent of plaintiff. There is no evidence to sustain such a contention. Mrs. Honeywell certainly did not request nor did Mrs. Turner agree that "joy" rides were a part of the duties imposed or accepted. In fact, plaintiff's instructions were to the contrary. There is no evidence that Elsie was to have any part of the care of the plaintiff's children other than that already mentioned. There is

no merit to the contention or to the assignments directed thereto.

■ Assignment is also made that there was no evidence to sustain the finding of gross negligence. We cannot agree. The only material evidence not heretofore mentioned is the speed of the car at the time of and preceding the accident. One of the occupants of the car estimated this speed to be between 40 and 60 miles per hour. Immediately after the accident the defendant Elsie stated she was driving about 50 miles per hour. Viewed in the light most favorable to plaintiff, this could place the speed at about 60 miles per hour.

We cannot say that to drive a car of the age indicated at a speed approaching 60 miles per hour over a road of the character described is not some evidence of gross negligence. It could not be said that such conduct, admitted to have extended over a mile of driving upon such a road, was inadvertent. The course set upon was deliberate and intended. The hazards entailed would be clear to any person of reasonable prudence. To proceed, as was here done, in spite of the risk, is some evidence of an indifference to the consequences extending over an appreciable period of time and space. "The circumstances proclaimed danger and warned the motorist of impending disaster." *Rauch v. Stecklein,* 142 Or 286-292, 20 P2d 387.

■ The finality of a finding by the trial court when sitting as a jury is too frequently lost sight of. The rule to be applied requires occasional emphatic restatement. For such purpose we quote the entire opinion of this court in *Leonard v. King,* 128 Or 216, 274 P 116:

> "The record does not present any questions for the determination by this court. It has been often decided that a question of fact once determined by

a jury cannot be re-examined by this court: [Citing cases and the Constitution.] We are not justified in adding to the volume of decisions on that question. Our statute prescribes that the findings of a court in an action at law are equivalent to a verdict of a jury: Or L. § 159."

The merit of this opinion requires no comment.

The judgment is affirmed.