Argued April 13, affirmed April 27, 1960

BERLINER *v.* BROWN, DORIA ᴇᴛ ᴀʟ and HILL

351 P. 2d 692

*Reuben Lenske,* Portland, argued the cause and filed a brief for appellant.

*Irving Rand,* Portland, argued the cause for re-

spondent. With him on the brief was Paul Gronnert, Portland.

Before McALLISTER, Chief Justice, and WARNER, O'CONNELL and DUNCAN, Justices.

PER CURIAM.

This is an appeal from a judgment against defendant Joseph A. Hill, as garnishee, in favor of plaintiff, Gustav Berliner, and a denial of defendant's motion for a new trial.

Under the impressive name of Oregon Psychological Research Foundation, Inc., D. J. Brown and Arch Doria formed a corporation for the business of curing by mechanical means an ailment common to little children and some adults.

In October, 1955, plaintiff obtained judgment against the corporation and Brown and Doria. Following the issuance of a writ of execution, defendant Hill, in May, 1957, was served with a notice of garnishment in an attempt to reach money and property of the judgment debtors in his possession or under his control belonging to the judgment debtors. Defendant Hill made an answer to the notice that he had no possession or control of any property belonging to said debtors or either of them.

The plaintiff, deeming the return unsatisfactory, filed allegations and interrogatories pursuant to ORS 29.310 in which he alleged delivery of certain money and personal property of the debtors to Hill and that a portion of the same was in Hill's possession at the time of the service of the notice of garnishment.

Defendant answered, denying the allegations and as an affirmative answer alleged that the judgment debtors were indebted to him at the time of service

in a sum of not less than $3,000. Plaintiff replied, generally denying the answer. The court heard the case without a jury and found, as a matter of fact, that the defendant did, in fact, have in his possession or under his control cash and personal property belonging to the judgment debtors which was subject to garnishment and gave plaintiff judgment against defendant for $652.36.

■ Our examination of the record demonstrates that there was sufficient substantial evidence to support the findings made and thus vitiates any claimed merit to the defendant-garnishee's assignments of error.

■ Hill in his brief and in oral argument strongly urged that assets held by him were in his possession as an assignee for the benefit of creditors and, therefore, not subject to attachment and garnishment. It is unnecessary for us to pass on that question in view of the finding of the trial court that the defendant was not, in fact, an assignee for the benefit of creditors, beyond observing that the court in its oral opinion made at the conclusion of the trial took due cognizance of the purported assignment upon which defendant relies, and concluded the conduct of the defendant after obtaining the same rendered nugatory its pretended legal effect whereby it became a device to hinder creditors.

■ See the recent case of *Honeywell v. Turner*, 214 Or 700, 705, 332 P2d 638, where we said: "The finality of a finding by the trial court when sitting as a jury is too frequently lost sight of." Attention is also directed to the entire opinion of this court in *Leonard v. King*, 128 Or 216, 274 P 116.

Affirmed.