Argued January 3, affirmed February 9, 1966

# KUZMANICH *v.* UNITED FIRE AND CASUALTY COMPANY

410 P. 2d 812

*Donald D. McKown,* Hillsboro, argued the cause for appellant. With him on the brief was Paul M. Reeder, Hillsboro.

*Robert D. Geddes,* Portland, argued the cause for respondent. With him on the brief were Davies, Biggs, Strayer, Stoel & Boley, and George H. Fraser, Portland.

Before SLOAN, Presiding Justice, and GOODWIN, DENECKE, HOLMAN and LUSK, Justices.

HOLMAN, J.

Plaintiff is the executor of the estate of Matt Kuzmanich. Defendant insurance company issued a policy of automobile liability insurance to decedent with $10,000 limits for injury to one person. There was no coverage if someone under 25 years of age was operating the vehicle. Decedent and his wife, Mary, made a trip in decedent's automobile from Portland to Tacoma to attend a picnic. They had with them Matt's nephew, Marin Kuzmanich who was 21 years of age. While on the trip an accident occurred in the state of Washington in which serious injuries were received by both Matt and Marin. Matt died shortly after the accident from these injuries and Marin was rendered permanently unconscious until his death 18 months later.

Marin's guardian brought an action against Matt's estate for his special damages and $150,000 general damages, claiming Matt was negligent in the operation of his automobile. There was a dispute as to whether

Matt or Marin was driving at the time of the accident; and, if Matt was the operator, whether Marin was a guest under Washington law; and, if Marin was a guest, whether Matt was grossly negligent.

At the time of trial Marin was still unconscious. His doctor and hospital bills were as large as the policy limits. Marin's guardian offered to settle for the policy limits, and plaintiff demanded that defendant so settle. Defendant refused and chose to defend the action. A judgment for $25,000 in Marin's favor was rendered against Matt's estate and defendant paid its policy limits. Plaintiff thereafter brought this action for the unpaid balance of $15,000 plus attorneys' fees, claiming defendant was negligent and did not exercise good faith in failing to settle Marin's claim within policy limits.

The case was tried by the trial court without the intervention of a jury. The court found that defendant was not negligent and had not exercised bad faith, and therefore entered judgment for defendant. Plaintiff appealed.

■ In a law action tried by the court without a jury the findings of the court have the force and effect of a jury verdict and must be affirmed on appeal if supported by any substantial evidence. Constitution of Oregon, Article VIII, Sec. 3; ORS 17.435; *State Highway Comm'n v. Kendrick,* 227 Or 608, 612, 613, 363 P2d 1078 (1961); *Honeywell v. Turner,* 214 Or 700, 705, 706, 332 P2d 638 (1958).

As a result, the only issue is whether there was substantial evidence to support the trial court's findings. This requires an examination of the evidence, keeping in mind the standards of conduct, in relation to its insured, that the law places upon an insurance company. This is somewhat difficult because there is

available to the court no transcript of the first trial in which the $25,000 judgment was rendered. The actual evidence introduced in that case is now only a matter of recollection in the minds of the witnesses in the present case.

██ An insurer owes to its insured the duty of due diligence and good faith. In determining whether to settle claims against the insured, the insurer must act as if it were liable for the entire judgment that might eventually be entered against the insured. In addition, only a decision made by an insurer who exercises due diligence in apprising itself of the material facts is entitled to be considered as made in good faith. *Radcliffe v. Franklin Nat'l Ins. Co.*, 208 Or 1, 47, 48, 298 P2d 1002 (1956).

Marin was healthy and nice looking, had a high-school education and had come to this country recently from Yugoslavia. He had been working at rather menial tasks earning about $200 per month.

The accident involved only the Kuzmanich vehicle. It occurred on Interstate Freeway 5 south of Olympia during the return to Portland. The vehicle left the freeway, went into the median strip dividing the north and south traffic. Marin was thrown out of the car at about the place where the vehicle left the main traveled portion of the highway. The vehicle traveled approximately 160 feet after leaving the main traveled portion, rolling in the process. Mary was thrown out while traversing this distance, and Matt was thrown out where the car came to rest.

Mary testified that Marin was driving, that Matt was in the front seat in the center and that she was on the right side. A relative testified she questioned Mary at the hospital shortly after the accident as to who had been driving and that Mary would not answer

but that later Mary told her Marin was driving. Vincent Kuzmanich, another relative, may have testified Mary told him Matt was driving, but this is not clear. Matt was dead at the time of trial, and Marin was still unconscious. One of the investigating police officers testified Matt told him twice that he was driving, once at the scene and again later at the hospital.

There was evidence that Matt thought an insurance company should always provide coverage and that it would not offend his sense of the proprieties to falsify in order to get coverage.

There was evidence that Matt had asked Marin to attend the picnic so Marin could help Matt drive. Matt was 67 or 68 years of age. There was also evidence that Marin did not want to go but Matt said that he should. On the way home from the picnic they stopped at the home of some friends in Tacoma, and there was evidence that Marin drove from the picnic to their friends' house.

Matt's treating physician had the impression Marin was driving but could not remember how he received this impression. The hospital records for Matt, which included a short history of the accident, indicated Marin was driving.

A full disclosure of their evidence was made by both parties prior to trial. The defendant never made any offer of settlement and treated the case as one of non-liability.

■ It is the court's opinion there was sufficient substantial evidence to sustain the findings of the trial court to the effect that defendant was not negligent and did not exercise bad faith. The investigations made by defendant prior to trial appear to have been adequate and complete. Plaintiff's principal contention was that of bad faith. The only eye-witness, Mary

Kuzmanich, testified Marin was driving. Marin had been driving prior to the stop in Tacoma. The hospital records indicated Marin was driving. There was evidence one of the purposes in having Marin attend the picnic was to drive for Matt. There was also evidence Matt would not hesitate to falsify in order to get coverage for the occupants of the vehicle. In view of this evidence, we cannot say there was lack of evidence upon which to base the trial court's findings even when there is taken into consideration the other evidence which indicated that Matt was, in fact, driving.

The judgment of the trial court is affirmed.