Argued and submitted on January 3, affirmed April 30, 2008

Lela STROME,
*Plaintiff-Appellant,*

*v.*

LANE COUNTY,
*Defendant-Respondent.*

Lane County Circuit Court
160600476; A133090

183 P3d 237

George B. Heilig argued the cause for appellant. With him on the briefs was Cable Huston Benedict Haagensen & Lloyd.

Marc Kardell, Lane County Office of Legal Counsel, argued the cause and filed the brief for respondent.

Before Landau, Presiding Judge, and Schuman, Judge, and Ortega, Judge.

SCHUMAN, J.

**SCHUMAN, J.**

Plaintiff sought a judgment declaring that a road running through her property was owned by her and not by defendant Lane County, and an injunction barring the county from proceeding with the process of "legalizing" the road—that is, the process of conducting a survey and issuing an order to eliminate doubts as to the road's location and its lawful establishment as a county road. *See* ORS 368.201 - 368.221 (describing process); *Shotgun Creek Ranch, LLC v. Crook County*, 219 Or App 375, 182 P3d 312 (2008). Plaintiff argued that the county had no jurisdiction to proceed with legalizing the road until the circuit court had determined that the road was, in fact, a county road. The trial court disagreed, and so do we. We conclude that the county had statutory authority to proceed with legalization, and we therefore affirm.

The relevant facts are not in dispute. Plaintiff's land abuts a road in Lane County known as Hulbert Lake Road. In June 2005, the county, believing that Hulbert Lake Road was a road originally laid out in 1855 as County Road Number 160, undertook the legalization process in order to eliminate doubts as to the establishment and location of that road. The statute authorizing legalization of county roads provides:

"A county governing body may initiate proceedings to legalize a county road under ORS 368.201 to 368.221 if any of the following conditions exist:

"(1) If, through omission or defect, doubt exists as to the legal establishment or evidence of establishment of a public road.

"(2) If the location of the road cannot be accurately determined due to:

"(a) Numerous alterations of the road;

"(b) A defective survey of the road or adjacent property; or

"(c) Loss or destruction of the original survey of the road.

"(3) If the road as traveled and used for 10 years or more does not conform to the location of a road described in the county records."

ORS 368.201. We have described the process as follows:

> "Once a county decides to initiate the legalization process, it must authorize a survey 'to determine the location of the road.' ORS 368.206(1)(a). The survey is then filed with the county governing body, which, after notice, holds a legalization proceeding. ORS 368.206(1)(c). The proceeding is conducted by the county's governing body and, although that body must allow 'any person' to present relevant information, ORS 368.206(2), and that information must be 'considered,' the governing body can decide either to abandon or complete the legalization guided only by 'whether legalization of the road is in the public interest.' ORS 368.216(1). If the governing body chooses to complete the legalization, it must 'enter an order' to that effect and cause the order to be recorded. ORS 368.216(1), (2); *see also* ORS 368.106(1). That order establishes that the road 'exists as shown on the order legalizing' it. ORS 368.216(4)(b). The county governing body, however, must compensate the owner of any structure that is encroached upon by the legalized road, if that owner meets certain requirements. ORS 368.211. In short, the legalization process begins with uncertainty as to the establishment or location (or both) of a county road, then moves to a statutory process involving surveys and public hearings, and ends with either a decision not to legalize, or a definitive order declaring the existence and location of the county road."

*Shotgun Creek Ranch, LLC*, 219 Or App at 378.

Plaintiff believed that Hulbert Lake Road and County Road 160 were not the same road; Hulbert Lake Road, she believed, was a private road unlawfully taken by the county. After the county announced its intention to legalize the road pursuant to ORS 368.206(1)(a), but before the hearings called for in ORS 368.206(1)(c), plaintiff filed an action in circuit court seeking, first, a declaration "that County Road 160 is not the same road as Hulbert Lake Road and that legalization under ORS 368.201 through 368.221 is barred" and, second, an injunction to stop the county "from continuing to pursue legalization under the statute." The county filed a motion for summary judgment; after a hearing, the trial court denied that motion and issued a temporary restraining order (TRO) prohibiting the county from continuing with the legalization process. Subsequently, after a

hearing to determine whether the TRO should be continued, the court (presided over by a different judge) concluded that it did not have jurisdiction.[1] It dissolved the TRO, denied plaintiff's motion for an injunction, and dismissed the case. Subsequently, a judgment was entered in favor of the county. This appeal followed.

The issue in this case is not entirely clear from the parties' arguments below or their briefs in this court. In her complaint, plaintiff alleged only that the county was attempting to legalize the wrong road; she sought a declaration to that effect and an injunction against continuing the process. The county's answer properly characterized the issue as one of statutory authority, arguing that the county's governing body had authority under ORS 368.201 to initiate and carry out the legalization process. Thereafter, however, the parties began to refer to the issue as one of "jurisdiction." At the TRO hearing, that characterization provided the background to, and justification for, the court's decision. The court issued the TRO on the ground that the circuit court had exclusive "jurisdiction" to determine whether plaintiff owned Hulbert Lake Road and that, by continuing with the legalization process, the county would interfere with the court's determination. The court, in ruling from the bench, stated,

> "I will grant a TRO saying the county isn't going to do anything until I make a decision or some other judge has made a decision on the seminal issue on the declaratory judgment. They have a right to go forward on the declaratory judgment as to whether or not the county has any jurisdiction whatsoever over this matter. Because if it's not the right road, the county has no jurisdiction on this matter. * * * And this is a matter for the circuit court to determine, and not for the county to go ahead and try to go around our back."

The court's written order reflected this thinking: "The reasons for granting this temporary restraining order are that Lane County's action with regard to the legalization proceedings * * * tend to render the judgment of the Court in this matter ineffectual." When, after another round of arguments,

---

[1] As one of her assignments of error, plaintiff argues that the doctrine of "law of the case" precluded the second judge from altering the first judge's conclusion that the court did not have jurisdiction. Plaintiff did not preserve that claim of error below, and for that reason we do not address it.

the second judge reached a different conclusion and dismissed the case, he did so without explanation except to state that the court "found that it lacked subject-matter jurisdiction in this case." As a result of that dismissal, the county was able to proceed with the legalization.

■  On appeal, plaintiff assigns error to the trial court's dismissal, arguing that the court did, in fact, have "a valid basis for subject matter jurisdiction." The premise of her argument is that, before the county can legalize a road, the circuit court must first determine whether the road is, in fact, a lawfully established county road or, on the contrary, a private road, never lawfully established, with the real county road running elsewhere. Until that determination occurs, plaintiff maintains, the county governing body lacks "jurisdiction."

■  Plaintiff's argument has two flaws. First, this case does not present a question of jurisdiction; the issue is whether the county has statutory authority to proceed under ORS 368.201. *Nyman v. City of Eugene*, 286 Or 47, 53, 593 P2d 515 (1979) ("[O]ur analysis will be facilitated if we abandon the use of the label 'jurisdiction' in cases such as this [involving establishment of roads] and focus instead on the specific statutory language that permits the government to affect the rights and obligations of its citizens."). Second, and relatedly, the question whether the county has statutory authority to proceed does not depend on whether Hulbert Lake Road is or is not the same road as a lawfully established County Road 160. Rather, the question is whether ORS 368.201 authorizes the county to legalize Hulbert Lake Road and in so doing, to render irrelevant the questions of whether Hulbert Lake Road was ever lawfully established and, if so, where.

As we have recently explained, ORS 368.201 is the current iteration of a legalization statute that was enacted during Oregon's first legislative session. *Shotgun Creek Ranch, LLC*, 219 Or App at 381. The purpose of legalization was then, and has remained, not to resolve competing factual accounts of how and where a road was or was not established, but to remove doubt about establishment due to omissions or defects in the establishment process; to set a location when, due to alterations, defective surveys, or lost surveys, the original "location of the road cannot be accurately determined";

and to conform a road as traveled for 10 years or more to the road as described in county records. ORS 368.201. Put another way, legalization allows counties to establish roads despite *"omissions"* in the original establishment process and to set locations when original locations *"cannot* be accurately determined." *Id.* (emphasis added). Those purposes are distinct from (and more far-reaching than) determining whether omissions have occurred and where a road was originally located. As we explained in *Ungar's Co. v. Lincoln County,* 5 Or App 270, 275, 483 P2d 81 (1971), "The very purpose of the road legalization statutes is to remedy [discrepancies between the road as surveyed and the road as traveled] by resurveying the existing road and conforming the official records to accurately reflect the true course of the road." In other words, legalization is a process by which counties establish a location for a road and then conform possibly inaccurate official records to that location, and not a process by which counties discern what the official records actually establish and then locate the road there. The premise, again, is an original location that "cannot" be accurately determined. Likewise, it is a process by which counties rectify omitted establishment procedures, not a process by which counties determine whether omitted establishment procedures negate the road's lawful existence.

Neither party disputes the existence of doubts as to the legal establishment or location of Hulbert Lake Road. Indeed, those doubts are the source of and reason for the county's decision to legalize the road and plaintiff's attempt to halt that legalization. Those doubts themselves are sufficient to confer statutory authority on the county. Thus, the county had authority to legalize Hulbert Lake Road, and the trial court had no authority to enjoin the process.[2]

Affirmed.

---

[2] We are informed that the process has been completed and that a challenge by way of a writ of review has been resolved in the county's favor. We have no occasion in this case to confront the question whether plaintiff can now bring an action alleging that the lawful exercise of the county's authority resulted in a taking of her property without compensation. *See Butchart v. Baker County,* 214 Or App 61, 78-79, 166 P3d 537 (2007) (allowing "inverse condemnation" in circuit court); *but see* ORS 368.211 (requiring county governing body to provide limited compensation to qualified applicants).