Argued and submitted June 9, 2008, affirmed August 5, petition for review denied November 24, 2009 (347 Or 349)

Lela STROME,
*Plaintiff-Appellant,*

*v.*

LANE COUNTY BOARD OF COMMISSIONERS,
*Defendant-Respondent.*

Lane County Circuit Court
160621813; A136520

213 P3d 1269

See also, 219 Or App 519, 183 P3d 237.

George B. Heilig argued the cause for appellant. With him on the reply brief was Heilig Misfeldt & Armstrong, LLP.

Marc Kardell argued the cause for respondent. With him on the brief was Lane County Office of Legal Counsel.

Before Edmonds, Presiding Judge, and Wollheim, Judge, and Sercombe, Judge.

SERCOMBE, J.

**SERCOMBE, J.**

Plaintiff appeals from a judgment in a writ of review proceeding brought under ORS 34.010 to 34.102. The judgment sustained a final order by the Lane County Board of County Commissioners (county) that legalized a county road and denied plaintiff compensation under ORS 368.211. Plaintiff asserts that the reviewing court erred in concluding that the county's order was supported by substantial evidence and that the order properly construed the applicable law. We review the reviewing court's determinations for errors of law, *Crainic v. Multnomah Cty. Adult Care Home Program*, 190 Or App 134, 141, 78 P3d 979 (2003), and affirm.

Plaintiff owns and resides on land in Lane County. The property is traversed by Hulbert Lake Road. The county records suggest that Hulbert Lake Road was originally laid out in 1855 as County Road (CR) 160. Plaintiff disputes that suggestion, and historical information about the road is not conclusive as to its establishment, location, and ownership. In order to formalize the location and width of the road, the county initiated a road legalization process in 2006.

That process is governed by ORS 368.201 to 368.221. ORS 368.201 provides:

"A county governing body may initiate proceedings to legalize a county road under ORS 368.201 to 368.221 if any of the following conditions exist:

"(1)   If, through omission or defect, doubt exists as to the legal establishment or evidence of establishment of a public road.

"(2)   If the location of the road cannot be accurately determined due to:

"(a)   Numerous alterations of the road;

"(b)   A defective survey of the road or adjacent property; or

"(c)   Loss or destruction of the original survey of the road.

"(3) If the road as traveled and used for 10 years or more does not conform to the location of a road described in the county records."

We recently described the statutory road legalization process:

"Once a county decides to initiate the legalization process, it must authorize a survey 'to determine the location of the road.' ORS 368.206(1)(a). The survey is then filed with the county governing body, which, after notice, holds a legalization proceeding. ORS 368.206(1)(c). The proceeding is conducted by the county's governing body, and, although that body must allow 'any person' to present relevant information, ORS 368.206(2), and that information must be 'considered,' the governing body can decide either to abandon or complete the legalization, guided only by 'whether legalization of the road is in the public interest.' ORS 368.216(1). If the governing body chooses to complete the legalization, it must 'enter an order' to that effect and cause the order to be recorded. ORS 368.216(1), (2); *see also* ORS 368.106(1). That order establishes that the road 'exists as shown on the order legalizing' it. ORS 368.216(4)(b). The county governing body, however, must compensate the owner of any structure that is encroached upon by the legalized road, if that owner meets certain requirements. ORS 368.211. In short, the legalization process begins with uncertainty as to the establishment or location (or both) of a county road, then moves to a statutory process involving surveys and public hearings, and ends with either a decision not to legalize or a definitive order declaring the existence and location of the county road."

*Shotgun Creek Ranch, LLC v. Crook County*, 219 Or App 375, 378, 182 P3d 312 (2008). The purpose of road legalization is to resolve uncertainty as to where or whether a particular county road exists.

Shortly after the county started the road legalization process, plaintiff filed a complaint in circuit court seeking a declaratory judgment and an injunction to enjoin the process. Plaintiff contended that the existing Hulbert Lake Road and the established CR 160 were not the same, that Hulbert Lake Road was a private road, and that the county lacked authority to legalize that private road. The trial court dismissed

plaintiff's complaint, and plaintiff appealed. In the meantime, the county proceeded with the road legalization process.

In October 2006, before the appeal was decided, the county held a hearing and issued a final order legalizing Hulbert Lake Road as CR 160. Plaintiff's attorney appeared at the hearing and argued that the present Hulbert Lake Road was not established as CR 160, but was a private way, and that the county could not confiscate the private way by means of a road legalization order. She presented an affidavit of plaintiff at the hearing attesting that plaintiff has lived near the road since 1920 and that the portions of the road on her property and adjacent land were constructed as private driveways and field access roads. According to plaintiff, the county constructed Hulbert Lake Road in the 1960s. The county presented older aerial photographs, surveys, and traffic maps showing the road or referring to the existence of the road.

The board of commissioners determined that road legalization was authorized under alternative statutory grounds, ORS 368.201(1) and (3). The board found:

> "**WHEREAS**, Hulbert Lake Road as described above has been in existence as a public road since it was originally laid out in road proceedings for County Road Number 160 in 1855, and although doubts exist as to the legal establishment or evidence of establishment of the road at that time, there is evidence that the road has been in the same location that it is today since the mid 1800's, and that it has been traveled and used for more than 30 years by the public in its present location. A packet of public records supporting this is attached hereto, marked Attachment 'B', and made a part hereof by this Order; and

> "\* \* \* \* \*

> "**WHEREAS**, the Board hereby finds that alternate grounds for legalization exist in this case, and that 1) through omission or defect, doubt exists as to the legal establishment or evidence of establishment of a public road; or 2) the road used or traveled for 10 or more years, does not conform to the location of the road described in the county road records and each of these grounds independently is sufficient to support this decision[.]"

(Boldface in original.) The board denied plaintiff's claim for compensation because "the legalization will not require the removal of any structure." The board ordered the surveying and legalization of Hulbert Lake Road.

Plaintiff filed a petition for writ of review of the county order under ORS 34.010 to 34.102. She claimed that (1) the county's findings and order were not supported by substantial evidence in the whole record, (2) the county improperly construed ORS 368.201, (3) the county's decision was unconstitutional because it deprives plaintiff of property without due process of law, and (4) the county erred in not awarding her compensation. ORS 34.040.[1] Plaintiff sought reversal of the order on those bases under ORS 34.100.

The trial court affirmed, concluding that the county had properly construed the law, that the county decision was constitutional, and that there was substantial evidence in the whole record to support the county's legalization findings and order. The trial court concluded that, under ORS 368.201(1), the statute "requires only doubt as to whether a public road was legally established or was, in fact, established. Doubt may arise through either omission or defect." The court continued:

"Under subsection (1), there must also exist doubt as to whether a public road was legally or, in fact, established.

"The county presented evidence that a road approximately congruent with Hulbert Lake Road was viewed in 1855 as revealed in the county records, that the same road appeared on a 1915 plat designated as County Road 160,

---

[1] ORS 34.040(1) sets out the grounds for relief through a writ of review process. It provides:

"The writ shall be allowed in all cases in which a substantial interest of a plaintiff has been injured and an inferior court including an officer or tribunal other than an agency as defined in ORS 183.310(1) in the exercise of judicial or quasi-judicial functions appears to have:

"(a) Exceeded its jurisdiction;

"(b) Failed to follow the procedure applicable to the matter before it;

"(c) Made a finding or order not supported by substantial evidence in the whole record;

"(d) Improperly construed the applicable law; or

"(e) Rendered a decision that is unconstitutional."

that a 1915 survey referred to 'the County Road' in the location of the viewed road, that a 1922 USGS map showed a road in the same location, and that a 1936 Oregon State Traffic Map also showed a road in that location.

"In an affidavit, the [Plaintiff] states that in 1920, when her family purchased a farm on what is now Hulbert Lake Road, a road did not exist from what is now the northern end of Hulbert Lake Road to their farm or south from their farm to 'the Zumwalt House.' A road did exist from the Zumwalt house south to the present southern end of Hulbert Lake Road, but, according to the [plaintiff], this was originally a 'driveway.' She also acknowledges that there was access between her family's house and the Zumwalt house, which she characterizes as 'field access.' It is not clear in her affidavit how her family traveled between their house and the Benton county road to the north before her father constructed a 'driveway' connecting the two.

"This conflicting evidence and the very fact of this litigation shows that the requisite doubt exists. Accordingly, given the plain language of subsection (1), the [board of commissioners] had authority to initiate legalization proceedings."

Thus, the trial court found that the county had not misconstrued the statute in finding grounds for legalization under subsection (1).[2] The trial court concluded that the county's findings were supported by substantial evidence and affirmed the final order.

**2.** Plaintiff appealed the judgment dismissing her petition for writ of review. In her assignments of error, plaintiff claims that (1) the reviewing court made factual errors in its description of the local government record; (2) the court erred in concluding that there was substantial evidence to support the county's findings that the road had not been vacated in 1857, that the location of the original road was the same as the current road, and that plaintiff was not entitled to compensation; (3) the legalization of the road violated her due process rights under the Fourteenth Amendment to the

---

[2] The trial court notes that reliance on ORS 368.201(3) is by way of alternative grounds and a "fall-back position." Because subsection (3) was not relied on by the trial court on writ of review, we decline to consider it.

United States Constitution; and (4) the court erred in concluding that the county had properly construed ORS 368.201(3).

After this case was briefed, we decided plaintiff's appeal of the dismissal of her earlier action for a declaratory judgment and injunctive relief. *Strome v. Lane County*, 219 Or App 519, 183 P3d 237 (2008). That decision determines some of plaintiff's current contentions. In *Strome*, we held that the county had statutory authority to proceed with the road legalization in this case. Plaintiff made the same argument in *Strome* that she asserted in the writ of review proceeding:

> "The premise of [plaintiff's] argument is that, before the county can legalize a road, the circuit court must first determine whether the road is, in fact, a lawfully established county road or, on the contrary, a private road, never lawfully established, with the real county road running elsewhere. Until that determination occurs, plaintiff maintains, the county governing body lacks 'jurisdiction.'"

219 Or App at 524. After noting that the issue was not one of "jurisdiction" but statutory authority to proceed under ORS 368.201, we concluded,

> "[T]he question whether the county has statutory authority to proceed does not depend on whether Hulbert Lake Road is or is not the same road as a lawfully established County Road 160. Rather the question is whether ORS 368.201 authorizes the county to legalize Hulbert Lake Road and in so doing, to render irrelevant the questions of whether Hulbert Lake Road was ever lawfully established and, if so, where.

> "As we have recently explained, ORS 368.201 is the current iteration of a legalization statute that was enacted during Oregon's first legislative session. *Shotgun Creek Ranch, LLC*, 219 Or App at 381. The purpose of legalization was then, and has remained, not to resolve competing factual accounts of how and where a road was or was not established, but to remove doubt about establishment due to omissions or defects in the establishment process; to set a location when, due to alterations, defective surveys, or lost surveys, the original 'location of the road cannot be accurately determined'; and to conform a road as traveled for

10 years or more to the road as described in county records. ORS 368.201. Put another way, legalization allows counties to establish roads despite '*omissions*' in the original establishment process and to set locations when original locations '*cannot* be accurately determined.' *Id.* (emphasis added). Those purposes are distinct from (and more far-reaching than) determining whether omissions have occurred and where a road was originally located. * * *

"Neither party disputes the existence of doubts as to the legal establishment or location of Hulbert Lake Road. Indeed, those doubts are the source of and reason for the county's decision to legalize the road and plaintiff's attempt to halt that legalization. Those doubts themselves are sufficient to confer statutory authority on the county."

*Strome*, 219 Or App at 524-25.

■■ The determinations in *Strome* are binding in this appeal under the "law of the case doctrine." The "case" or proceeding for purposes of applying that doctrine here is the road legalization administrative proceeding before the county. *Hayes Oyster Co. v. Dulcich*, 199 Or App 43, 53, 110 P3d 615, *rev den*, 339 Or 544 (2005), describes the doctrine as follows:

" ' "It is a general principle of law and one well recognized in this state that when a ruling or decision has been once made in a particular case by an appellate court, while it may be overturned in other cases, it is binding and conclusive both upon the inferior court in any further steps or proceedings in the same litigation and upon the appellate court itself in any subsequent appeal or other proceeding for review." ' "

(Quoting *State v. Pratt*, 316 Or 561, 569, 853 P2d 827, *cert den*, 510 US 969 (1993) (quoting *Simmons v. Wash. F.N. Ins. Co.*, 140 Or 164, 166, 13 P2d 366 (1932)).) It is a doctrine of judicial economy and discretion. *State v. Metz*, 162 Or App 448, 454, 968 P2d 714 (1999), *rev den*, 330 Or 331 (2000). Thus, this doctrine ought to be invoked "to preclude parties from revisiting issues that already have been fully considered by an appellate court in the same proceeding." *Hayes Oyster Co.*, 199 Or App at 54.

Here, our previous decision on the road legalization proceeding held that the county had statutory authority to proceed with the legalization of Hulbert Lake Road, notwithstanding any dispute about whether the road was lawfully established or whether its location had changed. This appeal is from a judicial review of the same county road legalization proceeding and, consequently, under the law of the case doctrine, we do not address any argument that the parties advance concerning the dispute over the location of the road or where it may or may not have existed at any one time. Even if, for the sake of argument, there was not substantial evidence to support the county's findings on the establishment of the road and its historic location, the evidence was sufficient to show that "doubt exists as to the legal establishment" of the road under ORS 368.201(1). Relatedly, we do not reach plaintiff's contention that the reviewing court erred in concluding that the county had authority to proceed with the legalization under ORS 368.201(1). That issue was decided in *Strome*. That disposition leaves only plaintiff's claims about due process and entitlement to statutory compensation for us to decide.

■■ Plaintiff contends that the reviewing court erred in concluding that the county did not "render[ ] a decision that is unconstitutional" under ORS 34.040(1)(e). She claims that the legalization proceeding denied her due process of law because it amounted to a taking of her private property without compensation. To that end, plaintiff asserts that the record established that the road is a private road. The record, however, does not establish that fact. There was substantial evidence in the record that the road had been in continuous existence as a public road and in its current location since 1855. By plaintiff's own admission, the county had used and maintained the road as a public road for at least 40 years. Moreover, even if the legalization process effected a taking— which on this record it did not—that would not make the legalization unlawful. It would merely give plaintiff a compensatory remedy. *See Butchart v. Baker County*, 214 Or App 61, 78-79, 166 P3d 537 (2007) (allowing "inverse condemnation" remedy in circuit court). The reviewing court did not err in concluding that the county decision was constitutional.

■ Finally, plaintiff contends that the court erred in concluding that substantial evidence was lacking to support her claim for compensation under ORS 368.211.[3] Plaintiff asserts that the record shows that she owned a bridge that encroaches on the roadway and that she is owed compensation for removal of the encroachment. The county found that the "legalization will not require the removal of any structure," including the bridge. The reviewing court concluded that, "[i]n the absence of any evidence that she established a bridge or any other structure that encroached on the road, and there being evidence that the county constructed the bridge in question, the [board of county commissioners] had substantial evidence to deny the claim." We agree that the record before the county was insufficient to establish a right to compensation under ORS 368.311. There was substantial evidence that the county owned the bridge in question.[4]

---

[3] ORS 368.211 provides:

"(1) A county governing body shall provide for compensation under this section to any person who has established a structure on real property if the structure encroaches on a road that is the subject of legalization proceedings under ORS 368.201 to 368.221.

"(2) To qualify for compensation under this section, a person must file a claim for damages with the county governing body before the close of the hearing to legalize the road. The county governing body shall consider a claim for damages unless the county governing body determines that:

"(a) At the time the person acquired the structure, the person had a reasonable basis for knowing that the structure would encroach upon the road;

"(b) Upon the original location of the road, the person received damages;

"(c) The person or the person's grantor applied for or assented to the road passing over the property; or

"(d) When making settlements on the property, the person found the road in public use and traveled.

"(3) The compensation allowed under this section shall be just compensation for the removal of the encroaching structure.

"(4) The county governing body may proceed to determine compensation and acquire the structure by any method under ORS 368.096.

"(5) If a county governing body determines that removal of the encroaching structure is not practical under this section, the county governing body may acquire property to alter the road being legalized."

[4] "[S]ubstantial evidence review under ORS 34.040(1)(c) is the same as that articulated in *Younger* [*v. City of Portland*, 305 Or 346, 752 P2d 262 (1988),] and applicable in the APA and LUBA settings." *Johnson v. Civil Service Board*, 161 Or App 489, 502, 985 P2d 854 (1999). Substantial evidence in the record exists to support a finding by the board when the record, viewed as a whole, would permit a reasonable person to make that finding. *Id.* at 500.

There was no evidence that removal of any encroachment was necessary or that plaintiff would be damaged by the costs of that removal.

We reject without discussion plaintiff's contention that the reviewing court erred in affirming the county's construction of ORS 368.201(3).

Affirmed.